IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-49,193-06; WR-49,193-07; WR-49,193-08; WR-49,193-09






EX PARTE DAMON DERIC PORTER, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 14001; 14002; 14003 and 13794


 IN THE SIXTH DISTRICT COURT

FROM LAMAR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary
of a motor vehicle, burglary of a building, and two cases of burglary of a habitation, and sentenced
to twenty-five years' imprisonment for each cause. He did not appeal his convictions.

 Applicant contends that his due process rights were violated in his parole revocation process. 
 Applicant alleges that he informed the parole officer that he was a MHMR patient and was hearing
dead people talk to him at the time the officer obtained his signature on the waiver of the right to a
parole hearing paperwork. He states that he did not knowingly and voluntarily waive his parole
revocation rights.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether Applicant waived his right to a parole
revocation hearing and if so, the circumstances of that waiver. The trial court shall make findings
of fact as to whether Applicant was a client at MHMR, and if so, if he was on medications. The trial
court shall make findings as to what symptoms Applicant exhibited and whether any medication he
was on alleviated those symptoms. The trial court shall make findings as to whether Applicant was
competent to waive his legal rights if he were displaying the symptoms described when he is denied
medication. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: March 5, 2008

Do not publish